**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued April 20, 2012
Decided October 15, 2012

*Before*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-3876

| | | |
|---|---|---|
| MILDRED BILLINGTON, | | ] Appeal from the United |
| | | ] States District Court for |
| | *Plaintiff-Appellant,* | ] the Central District of |
| | | ] Illinois |
| | | ] |
| v. | | ] No. 1:10-cv-01134-MMM-JAG |
| | | ] |
| VILLAGE OF ARMINGTON, ILLINOIS, et al., | | ] |
| | | ] Michael M. Mihm, |
| | *Defendants-Appellees.* | ] *District Court Judge.* |

*O R D E R*

Mildred Billington owned a mobile home in Armington, Illinois, a small village of 349 persons, but no one resided in the home. Instead, her daughter and son-in-law, who lived next door to the mobile home, used it as additional space.

At an Armington Village Board meeting on May 14, 2008, the Board discussed the situation of the unoccupied mobile home and its apparent violation of a village ordinance.

Specifically, the presence of the mobile home appeared to violate Section 5-015, which limits mobile homes to those existing at the time, and as to those pre-existing homes provides:

> Existing mobile homes that have not been occupied for a period of twelve (12) months or more shall be considered as abandoned. In case of abandonment, the owner shall be notified that the mobile home shall be removed from the property within ninety (90) days. Any attached structures or additions shall also be removed (e.g. decks, steps, carports, awnings, etc.). Any special use permits that were issued shall be cancelled also. The non-conforming use shall be considered ceased as specified in Article 9, section 9-004 of this ordinance.

Section 5-015(E). According to the minutes of the Board meeting, the Board decided to send a copy of the zoning ordinance to Billington. In its entirety, the letter that the Board then sent stated:

> Re: Mobile home located at 301 E. Fifth St.
>
> It has been brought to the attention of the President and Village Board of Trustees that the mobile home located at 301 E. Fifth St. has not been occupied for a period of twelve (12) months or more. Therefore, pursuant to Zoning Ordinance 1996-6-0, Article 05, Section 5-015, the above mentioned mobile home needs to be removed within ninety (90) days from the date of this letter.
>
> Thank you -

Billington believed that she was obligated to remove the mobile home within ninety days and therefore arranged for its removal. The home could not be removed without its destruction. After the home was removed and destroyed, Billington spoke with her son, a retired police officer, who informed her that she did not have to comply with that letter and remove the home. Billington subsequently pursued redress in court, alleging that the Board's actions violated her rights to due process and equal protection.

Billington's complaint also alleges that another letter was sent to her - - this one by Armington's Zoning Administrator two years later, on April 26, 2010 - - addressing the trailer chassis and deck that had been attached to the mobile home and remained standing after its removal. Billington does not include any reference to either the letter or the structures in her brief to this court either in the facts or the argument section, with the

exception of an offhand reference to it in an allegation that a Board member is similarly situated for equal protection purposes. We therefore do not address this letter or these structures. *Bodenstab v. County of Cook*, 569 F.3d 651, 658 (7th Cir. 2009) (issues not developed in brief are waived).

The district court granted the defendant's motion to dismiss, holding that the defendants were entitled to qualified immunity because no caselaw put them on notice that a person's own destruction of her property after receiving notice of a zoning violation would constitute a due process violation. Billington argues on appeal that the court erred in dismissing the case, and maintains that the complaint sufficiently alleges that the defendants violated her rights under the Due Process and Equal Protection Clauses of the United States Constitution.

As to due process, Billington asserts that the defendants deprived her of her property, the mobile home, without due process of law when it sent the letter "ordering" its removal. That claim is without merit. The letter from the defendants did not order the removal, nor did it threaten any adverse action against Billington. In order to assert a due process claim, a plaintiff must demonstrate: (1) state deprivation of property; and (2) the absence of notice and an opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 332-33 (1976). The defendants in this case did not remove the mobile home - - Billington did so on her own. Accordingly, there is no state deprivation of property. It is true that some such voluntary actions can support a due process claim if the action was not really voluntary - - as where it is the result of government coercion or misleading information - - but we do not have that circumstance here. See *Marcatante v. City of Chicago, Illinois*, 657 F.3d 433, 444 (7th Cir. 2011) (difficult choice does not establish coercion where plaintiffs did not demonstrate that the city made material misrepresentations); *Palka v. Shelton*, 623 F.3d 447, 453 (7th Cir. 2010); *McBeth v. Himes*, 598 F.3d 708, 723 (10th Cir. 2010). The letter from the defendants merely noted that the defendants had received information that the home had not been occupied for 12 months or more, and pointed out to Billington the provisions of the ordinance applicable to such a situation. The Board provided accurate information and did not threaten to seize the home or otherwise move against it. There is therefore no evidence of coercion. Any pressure placed on Billington was a result of the ordinance requiring removal of unoccupied mobile homes, and that does not present a due process issue. The court properly dismissed this claim because there was no allegation of a state deprivation of property.

Billington also argues that the defendants' conduct violated the Equal Protection Clause because she was singled out for differential treatment. Although this issue was briefed to the district court, the court did not mention the equal protection claim in its order dismissing the complaint as a whole. The defendants concede that the district court

violated Circuit Rule 50 in dismissing the claim without providing any reasons, but argues that a limited remand for the court to supply its reasons is unnecessary because our review of a Rule 12(b)(6) dismissal is plenary and remand would prolong the case without contributing to accurate resolution.  Billington does not request remand either, choosing to argue that the equal protection claim should survive dismissal.  In light of the apparent agreement of the parties and our de novo standard of review, we will review the equal protection claim.

As we recently noted in *Thayer v. Chiczewski*, — F.3d —, 2012 WL 4074417 (7th Cir. September 18, 2012), the standard for analyzing class-of-one equal protection claims is in a state of flux in this circuit, with our full court failing to reach a majority decision in *Del Marcelle v. Brown Cnty Corp.*, 680 F.3d 887 (7th Cir. 2012)(en banc).  At a minimum, however, Billington must show that she was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.  *Thayer*, 2012 WL at 14; *Village of Willowbrook v. Olech*, 528 U.S. 562, 563-64 (2000).  Those requirements are well-established, and no qualified immunity concerns are raised in the briefs regarding the equal protection claim.

Although Billington need not include detailed factual allegations in her complaint, she must at least include some facts that suggest a right to relief beyond the speculative level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007);  *In re marchFIRST Inc.*, 589 F.3d 901, 905 (7th Cir. 2009).   That plausibility standard is not the equivalent of a probability requirement, but it does necessitate more than a mere possibility that a defendant acted unlawfully.  *Santana v. Cook County Bd. of Review*, 679 F.3d 614, 620-21 (7th Cir. 2012).  Furthermore, we must exercise caution with class-of-one claims, because if not defined appropriately they may transform even everyday, inevitable government mistakes or oversights into constitutional violations and federal lawsuits.  *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012).  A careful application of the similarly-situated standard can serve to distinguish between those unfortunate mistakes and actionable deliberate discrimination.  *Id.* at 747-48.  We therefore have recognized that plaintiffs carry a high burden in establishing someone who is similarly-situated in class-of-one cases, and that "similarly situated individuals must be very similar indeed."  *McDonald v. Village of Winnetka*, 371 F.3d 992, 1002-03 (7th Cir. 2004).

Although we have held that a plaintiff need not identify specific comparators in the complaint itself in order to survive the dismissal stage, *Geinosky*, 675 F.3d at 748 n.3, Billington has in fact specified comparators for her claim.  She alleges that she was treated differently than three similarly situated individuals, none of whom were subject to any Village action: Village President Eric Gale, who owned a building north of his home that was unoccupied; Village Board Member Michael Rodman, who owned property that was

not kept mowed for two years in violation of Armington zoning code; and former Village Board member Glenna Knoblach who owned a storage shed kept in a similar condition to the outlying buildings Billington owned.  Although Billington alleges that the unmowed lawn violated a zoning ordinance, she makes no similar allegation for the shed or the building, instead merely comparing that a storage shed and unoccupied building existed on other land while her outlying building and unoccupied mobile home were targeted for removal.  As neither of those structures were related to a mobile home, the obvious and dispositive distinction is that the zoning ordinance applied only to mobile homes, and it is not different treatment to enforce the ordinance only to the buildings that fell within it.

Even if we could infer that those other buildings fell within another zoning ordinance, however, the complaint would be deficient.  Those individuals are not similarly-situated to Billington, because not only are different zoning code provisions involved in their cases, but the alleged zoning violations are different in kind from the one at issue here. From the face of the complaint, it is clear that none of those alleged zoning violations involve unoccupied mobile homes, nor do they involve any kind of residences at all from the face of the complaint.  The problems posed by allowing mobile homes to remain unoccupied beyond one year are inherently different than those posed by code violations involving an unmowed lawn, a storage shed, or other building, such that we could not hold that there is no rational reason to treat them differently.  We have noted that a plaintiff has significant flexibility in responding to a motion to dismiss, and may elaborate on the factual allegations of the complaint or submit materials outside the pleadings in order to illustrate the facts that the plaintiff expects to develop for trial, but Billington did not avail herself of that opportunity to expand upon her allegations to offset the facial inadequacy, or to give us any reason to believe that the zoning violations were otherwise similar in kind.  *Geinosky*, 675 F.3d 743, 746 n.1.  In setting forth zoning violations that were facially dissimilar to her own situation, and incorporating no other allegations of discriminatory treatment in her complaint, Billington has failed to state a claim for a class-of-one equal protection violation. See generally, *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011)( a party may plead herself out of court by pleading facts that show she has no legal claim).

The decision of the district court is AFFIRMED.